**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Perkins, | No. CV-17-04212-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| William Stumpe, | |
| Defendant. | |

Before the Court is Defendant William Stumpe's motion to dismiss. (Doc. 12.) The motion is fully briefed.[1] For the reasons discussed below, Stumpe's motion to dismiss is granted.

**I. Background**

In June 2016, Plaintiff Shawna Perkins and Stumpe entered into a Domestic Partnership Agreement ("Agreement"), which included, among other things, provisions governing the distribution of property in the event that the couple's relationship ended. In September 2016, Perkins and Stumpe ended their domestic partnership. Also in September, Stumpe provided information to Perkins' ex-husband concerning Perkins' financial status for use in a family law proceeding in California. Based on these events, Perkins filed suit alleging: (1) breach of contract for Stumpe's failure to comply with the Agreement, and (2) interference with her California spousal and child support orders.

---

[1] After reviewing the briefing, the Court finds oral argument unnecessary. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

(Doc. 11 at 7.) Stumpe moves for dismissal of both claims. The Court discusses each in turn.

## II. Discussion

### A. Breach of Contract

Perkins alleges that Stumpe breached the Agreement when he refused to provide her with the post-dissolution benefits outlined in it. (*Id.* at 7.) According to the Agreement, upon dissolution of their relationship Perkins was entitled to: (1) receive a lump sum amount of $100,000; (2) retain all assets, jewelry, clothes, furniture and anything else obtained during the relationship; (3) retain her Lexus, with all maintenance and gas paid by Stumpe for 5 years following dissolution; (4) receive one year's salary in a one-time payment from Staybright Electric; and (5) the return of all personal property she owned at the time of the Agreement. (*Id.* at 10-11 ¶¶ 1, 2, 4, 5, and 6A.) Perkins contends that she was denied all five benefits. (*Id.* at 7.)

The Agreement, however, includes a mandatory arbitration clause, which in relevant part reads: "Any disputes under this Agreement shall be required to be resolved by binding arbitration of the parties hereto." (*Id.* at 10 ¶ 10.) Stumpe asserts that Perkins' breach of contract claim should be dismissed "so Perkins can proceed by arbitration as mandated by the [A]greement." (Doc. 12 at 8.)

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[2] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130

---

[2] The Agreement contains a general choice of law provision requiring application of Arizona law. The Court need not decide whether the FAA or Arizona's state law counterpart applies because Arizona courts have made clear that the Arizona Statute is interpreted the same as the FAA. *See Desert Breeze Condo. Ass'n. v. Richmond Am. Homes of Ariz. Inc.*, No. 14-CV-889-PHX-DLR, 2014 WL 12672631, at *1-2 (D. Ariz. Aug. 15, 2014). Therefore, for purposes of this order, the Court will rely on the FAA and cases interpreting it.

- 2 -

(9th Cir. 2000) (citing 9 U.S.C. § 4). If the court decides that an arbitration agreement is valid and enforceable, then it should either stay or dismiss the claims subject to arbitration. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1276-77 (9th Cir. 2006). "Where a contract contains an arbitration clause, courts apply a presumption of arbitrability as to particular grievances, and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts, Ltd. v. Atlantic–Pacific Capital, Inc.*, 497 F. App'x 740, 742 (9th Cir. 2012) (internal citations omitted). Courts therefore should "construe ambiguities concerning the scope of arbitrability in favor of arbitration . . . ." *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 66 (1995).

There is no dispute that the parties entered into the Agreement, that the Agreement contains a mandatory arbitration clause, and that Perkins' breach of contract claim falls within the scope of that clause. Perkins does not argue that the arbitration clause is unenforceable, nor does the Court find any reason for concluding as much. Therefore, the Court dismisses Perkins' breach of contract claim. *See Meritage Homes Corp. v. Hancock*, 522 F. Supp. 2d 1203, 1211 (D. Ariz. 2007). If Perkins wishes to pursue this claim, she must do so through an arbitration proceeding consistent with the terms of the Agreement.

### B. Interference Claim

Perkins also alleges that Stumpe "interfer[ed] with and ultimately stopp[ed] [her] previous court ordered support in a family law case in California[.]" (Doc. 11 at 7.) After reviewing Perkins' complaint, the Court understands as a general matter that Perkins accuses Stumpe of providing the California court presiding over her child and spousal support awards with information that caused the court to terminate these awards and order sanctions against Perkins.[3] Stumpe argues that Perkins' claim should be

---

[3] Perkins attached a declaration submitted by Perkins' ex-husband's counsel before the California court containing information acquired from Stumpe. (Doc. 1-1 at 26-29.) Also attached to Perkins' complaint is a judgment from the California court setting aside Perkins' child and spousal support awards because they were obtained by fraud, finding that Perkins owes her ex-husband $125,000 in child support arrearages and

dismissed for: (1) lack of personal jurisdiction, and (2) failure to state a claim for which relief can be granted. (Doc. 12 at 5-6, 8-11.) Because the Court finds that it lacks personal jurisdiction over Stumpe, it will not opine on the sufficiency of Perkins' factual allegations or the plausibility of her claim.

Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Where, as here, the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* In such cases, the court inquires only "into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995). In determining whether the plaintiff has met this burden, uncontroverted allegations in the plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." *AT & T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

Because no applicable federal statute governing personal jurisdiction exists, Arizona's long-arm statute applies to this case. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 559 (9th Cir. 1995). Arizona's long-arm statute provides for personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *see also Uberti v. Leonardo*, 892 P. 2d 1354, 1358 (Ariz. 1995) (stating that under Rule 4.2(a), "Arizona will exert personal jurisdiction over a nonresident litigant to the maximum extent allowed by the federal constitution").

The exercise of jurisdiction over a non-resident defendant requires that the defendant "have certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State*

---

$92,087 for overpayments in spousal support, and ordering Perkins to pay her ex-husband $200,000 in sanctions for her fraud on the court. (*Id.* at 34-36.)

*of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted). Personal jurisdiction may be general or specific. A court may assert general jurisdiction over foreign defendants "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe C*o., 326 U.S. at 317). "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (internal quotation and citation omitted).

Stumpe does not have "substantial" or "continuous and systematic" contacts with Arizona such that an exercise of general jurisdiction would be appropriate. Perkins alleges that Stumpe personally owns property in Scottsdale, Arizona.[4] (Doc. 11 at 4.) Mere ownership of property in the forum state, unrelated to the cause of action, is insufficient to support general jurisdiction unless supported by other ties. *See Shaffer v. Heitner*, 433 U.S. 186, 209 (1977) ("[A]lthough the presence of the defendant's property in a State might suggest the existence of other ties among the defendant, the State, and the litigation, the presence of the property alone would not support the State's jurisdiction. If those other ties did not exist, cases over which the State is now thought to have jurisdiction could not be brought in that forum."). Perkins offers no other evidence of ties connecting Stumpe to Arizona. *See Compass Fin. Partners, LLC v. Unlimited Holdings, Inc.*, No. 07-CV-1964-PHX-MHM, 2008 WL 2945585, at *3 (D. Ariz. July 28, 2008) (noting that the plaintiff "must present evidence establishing facts that would demonstrate general jurisdiction"). Without more, the Court finds the Scottsdale property, which is unrelated to this cause of action and potentially owned by StayBright

---

[4] At other times in her papers, Perkins inconsistently alleges that StayBright Electric, not Stumpe, is the owner of the Scottsdale property. (Doc. 15 at 1.) A corporation's ownership of property in the forum state does not confer personal jurisdiction on one of its owners. *See Compass Fin. Partners, LLC v. Unlimited Holdings, Inc.*, No. 07-CV-1964-PHX-MHM, 2008 WL 2945585, at *4 (D. Ariz. July 28, 2008).

Electric rather than Stumpe, does not confer general personal jurisdiction over Stumpe. *See Best Western Int'l, Inc. v. Coastline RE Holdings Corp.*, 10-CV-2290-JWS, 2011 285846, at *2 (D. Ariz. Jan. 27, 2011).

In specific jurisdiction cases, the relationship between the defendant and the forum state "must arise out of contacts that the 'defendant himself' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Additionally, the requisite "minimum contacts" must be "with the forum State itself, not . . . with persons who reside there." *Id.* A court will exercise specific jurisdiction over a non-resident defendant only when three requirements are satisfied: (1) the defendant either "purposefully directs" his activities or "purposefully avails" himself of the benefits afforded by the forum's laws; (2) the claim "arises out of or relates to the defendant's forum-related activities;" and (3) the exercise of jurisdiction comports with fair play and substantial justice. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

Stumpe challenges the first prong of this three-part test. Purposeful direction exists where the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017); *see Calder v. Jones*, 465 U.S. 783 (1984). Here, the complaint fails to allege purposeful direction of relevant activities by Stumpe to Arizona. Instead, the allegations suggest Stumpe directed his relevant activities—contacting Perkins' ex-husband's counsel and providing relevant information for a California family law proceeding—at California. Therefore, Perkins' allegations do not support the Court's exercise of specific jurisdiction.

**IT IS ORDERED** that Defendant William Stumpe's Motion to dismiss (Doc. 12) is **GRANTED.**

//

//

1    **IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot. The Clerk of the Court is directed to terminate this case.

Dated this 17th day of September, 2018.

Douglas L. Rayes
United States District Judge