**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawna Perkins,<br><br>    Plaintiff,<br><br>v.<br><br>William Stumpe,<br><br>    Defendant. | No. CV-17-04212-PHX-DLR<br><br>**ORDER** |

Before the Court is Plaintiff Shawna Perkins' Motion For Relief From Order Pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. 49.) The motion is fully briefed. (Doc. 52.) For the reasons discussed below, Plaintiff's motion is denied.

Plaintiff requests that the Court vacate the September 17, 2018 Order dismissing this case (Doc. 48), arguing that the Court should "allow litigation to proceed . . . despite the arbitration clause due to the fact that [P]laintiff can not (sic) afford the cost of arbitration." (Doc. 49.) Under Federal Rule of Civil Procedure 60(b), a movant may seek relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Plaintiff, however, does not argue that any of these subsections applies here. At best, Plaintiff's argument can be construed as invoking Rule 60(b)(6)'s catch-all provision.

Rule 60(b)(6) is a procedural mechanism reserved for "extraordinary circumstances" such as a case dismissed because of an attorney's gross negligence. *See, e.g., Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). Thus, the moving party must be "able to show both injury and circumstances beyond its control prevented timely action to protect its interest." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). "[T]hat is, the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought." *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, No. 16-CV-1969-PHX-NVW, 2018 WL 3545291, at *13 (D. Ariz. Jul. 24, 2018) (citing 12 Moore's Federal Practice § 60.48(3)(b)).

Plaintiff argues that arbitration would be unconscionable because she is unable to afford its cost. Yet, Plaintiff failed to make this argument in response to the motion to dismiss. Nor has Plaintiff explained how she was prevented from doing so. Plaintiff's request therefore is denied.

Although Plaintiff's motion mentions only Rule 60, the Court also will consider Plaintiff's motion under the standard for a motion for reconsideration. Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration ordinarily will be denied

1  "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.*

Here, Plaintiff's motion fails to note any manifest error in the Court's prior order. Nor does Plaintiff allege new facts or legal authority that could not have been raised in her response to Defendant's motion to dismiss. Therefore, to the extent Plaintiff's motion seeks reconsideration, it is denied. Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 49) is **DENIED.**

Dated this 18th day of December, 2018.

Douglas L. Rayes
United States District Judge